# Gibbons *versus* Fairlamb.

Where a testator bequeathed to his daughter E. $6000, to be paid out of his personal estate within six months after his decease, and then after giving other legacies to his children, provided that in case of the decease of any of the legatees before the expiration of the six months, and before the payment of their legacies, the bequest of those so dying "shall descend to and be equally divided amongst his or her heirs or representatives." E. died in the lifetime of the testator without issue, her husband took out letters of administration on her estate.

*Held*, That the husband was the "heir" or "representative" of his wife within the meaning of the will, and as such entitled to the legacy.

The husband could not recover *as her administrator*, the legacy having never vested in the wife, but as the person substituted by the testator in the event of her death.

The word heir in the description of the persons who are to take in the event of the death of the legatee, does not necessarily exclude the husband: it meaning such person as would be entitled to the money as the representative by the law of the state.

ERROR to the Common Pleas of *Delaware county*.

This was an action by Frederick Fairlamb, administrator of Elizabeth Fairlamb, deceased, against Joseph Gibbons, executor

26  217
155  139
26  217
199  494
26  217
23 SC  534

of Joseph Gibbons, deceased, to recover a legacy bequeathed to the said Elizabeth.

The parties agreed upon a case stated in the nature of a special verdict, on which the court below rendered a judgment for the plaintiff for $6000, with interest, from 21st December, 1853. The defendant brought this writ of error.

The facts of the case, and the points involved, are sufficiently stated in the opinion of his honour, the chief justice.

*T. S. Bell* and *E. Darlington,* for plaintiff in error.

*Broomall,* for defendant in error.

The opinion of the court was delivered by

Lewis, C. J.—Joseph Gibbons, the elder, bequeathed $6000 to his daughter, Elizabeth Fairlamb, to be paid to her out of his personal estate, within six months after his decease. After other legacies he gave the residue to Joseph Gibbons, his son. He then provided in his will that in case of the decease of any of the legatees previous to the expiration of six months after the death of the testator, and before payment of their respective legacies, the bequest to such legatee so dying " shall descend to and be equally divided amongst his or her heirs or representatives." Elizabeth Fairlamb died in the life of the testator, and her husband took out letters of administration upon her estate, and recovered the legacy in the court below.

As the legacy never vested in Elizabeth, it seems clear that her husband cannot claim it in his character of administrator. If he takes it, he must do so as the person substituted by the testator to take in case of her death. Is he the " heir or legal representative" of his wife in regard to her personal estate ? He is entitled to administration. He may recover her choses in action. After payment of her debts he may hold all her personal estate to his own use. He is the only person beneficially entitled by law to her personal estate after her death. If this legacy had vested in her it would undoubtedly be his as her " legal representative." He is therefore in respect to it her " heir" or " representative" within the meaning of the will. The general rule, in such cases, seems to be that the person beneficially entitled is the legal representative : Cotton *v.* Cotton, 2 *Beav.* 67; Ware *v.* Fisher, 2 *Yeates* 578. Even where executors or administrators take as purchasers they are regarded as trustees for the persons beneficially entitled, and must apply the bequest as other assets that come to their hands in their official character : *Williams on Ex'rs.* 983, 972; 1 *Phill.* 1; 7 *Beav.* 72; 1 *Keene* 325; 2 *Keene* 696. The word " heirs" does not necessarily exclude the husband, because that word has been held to mean such persons as

[Gibbons's Executor v. Fairlamb.]

would be entitled to the money, or the representatives by the law of the country : Patterson v. Hawthorn, 12 *Ser. & R.* 112 ; Buckley v. Reed, 3 *Harris* 83.

It is of no consequence whatever that the husband is not strictly "next of kin" to his wife. His affinity is a nearer kindred than blood. It is quite sufficient that the law regards him as her legal representative. The presumption is that he was the person intended by the testator when the latter used that term, unless the words in the will repel that presumption. The words relied upon to produce that effect are found in the direction that the legacy shall "descend" and be "equally divided." The first has relation to the process by which the legacy is supposed to reach the objects of his bounty. The second provides for the mode of enjoyment after it reaches them. An error in either of these particulars is too insignificant to control the precise and certain description of the persons entitled. To adopt the construction contended for might defeat the claim of a father, mother, or any other relative in the *ascending* line, on the ground that the legacy did not strictly "descend" to them; or it might defeat an only child, on the ground that the legacy could not be "equally divided" where there was but one claimant. The disposition which the law makes is supposed to be founded on policy and justice, and should be favoured in all cases of doubt. The testator has carried out that policy, and has left no room for serious doubt in regard to his intention. The judgment of the Common Pleas is correct.

Judgment affirmed.